**LAW OFFICES OF STUART E. FAGAN**
STUART E. FAGAN, Cal. State Bar No. 152732
P.O. Box 365
Wheaton, Illinois 60187
Telephone: (858) 220-9601
Email: fairhousinglawyer@sbcglobal.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| WILLIAM ROMAN; DESIREE ACOSTA; and D.R., N.R., J.R., A.R., and J.R., minors, by and through their general guardian, DESIREE ACOSTA; DIEGO SANDOVAL; RENEE SANDOVAL; A.G., a minor, by and through her general guardian, RENEE SANDOVAL; CATHERINE MICHELLE PEREZ; I.A. and S.A., minors, by and through their general guardian, CATHERINE MICHELLE PEREZ,<br><br>         Plaintiffs,<br><br>    v.<br><br>MSL CAPITAL, LLC, doing business as CASA BUENA CASA LYNNDA, and LI RITCHEY,<br><br>         Defendants. | No. _____<br><br>COMPLAINT; DEMAND FOR TRIAL BY JURY<br>_____ |

-1-

# I.
# **INTRODUCTION**

1.     This action seeks monetary and declaratory relief against defendants for discriminating against families with children in the operation of the Casa Buena Casa Lynnda apartments located at 24271 and 24356 Webster Street, Moreno Valley, California (hereinafter, the "Casa Buena Casa Lynnda Apartments"), based on familial status and for coercing, intimidating, threatening, retaliating, or interfering with plaintiffs in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act and/or the Fair Employment and Housing Act in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601 *et seq.*, and related federal and state laws.

# II.
# **JURISDICTION AND VENUE**

2.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine plaintiffs' state law claims because those claims are related to plaintiffs' federal law claims and arise out of a common nucleus of related facts.  Plaintiffs' state law claims are related to plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in that the claims alleged herein arose within the City of Moreno Valley, Riverside County, California.

# III.

## PARTIES

4.     Plaintiffs William Roman and Desiree Acosta reside in Moreno Valley, California, with their minor children, plaintiffs D.R., N.R., J.R., A.R., and J.R. Plaintiffs D.R., N.R., J.R., A.R., and J.R. are represented herein by their natural mother and general guardian Desiree Acosta.

5.     Plaintiffs Renee Sandoval and Diego Sandoval reside in Hemet, California, with their minor daughter, Plaintiff A.G.  Plaintiff A.G. is represented herein by her natural mother and general guardian Renee Sandoval.

6.     Plaintiff Catherine Michelle Perez resides in Moreno Valley, California, with her minor children, Plaintiffs I.A. and S.A.  Plaintiffs I.A. and S.A. are represented herein by their natural mother and general guardian Catherine Michelle Perez.

7.     Plaintiffs bring this action on behalf of themselves pursuant to the California Unfair Business Practices Act, California Business & Professions Code Sec. 17204.

8.     Defendant MSL Capital, LLC ("Defendant MSL"), is and was at all relevant times the owner and operator of the Casa Buena Casa Lynnda Apartments. Casa Buena Casa Lynnda Apartments is comprised of approximately 28 units, which are located at 24271 and 24356 Webster Avenue, Moreno Valley, California.

9.     At all relevant times, Defendant MSL was engaged in the business of renting units at the Casa Buena Casa Lynnda Apartments to members of the public.

Defendants advertised the Casa Buena Casa Lynnda Apartments as available for rent by members of the public.

10.     Defendant Li Ritchie, is, and at all times herein relevant was, the property manager of the Casa Buena Casa Lynnda Apartments and the agent, employee, or representative of Defendant MSL, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of her actual or apparent authority pursuant to such agency or employment; or the alleged acts or omissions of her as agent or employee were subsequently ratified and adopted by Defendant MSL as principal.

11.     Each defendant is sued herein individually and as doing business as the Casa Buena Casa Lynnda Apartments.

12.     Each defendant is, and at all times herein relevant was, the agent, employee, or representative of each other defendant, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of his or her or its actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

## IV.
## FACTS

13.     Defendants MSL and Li Ritchie, acting individually and in concert with others, directly and through agents, engaged in a pattern or practice of discrimination against families with children, including Plaintiffs, on account of familial status in the

-4-

operation of the Casa Buena Casa Lynnda Apartments.  Defendants' pattern or practice of discrimination includes, but is not limited to:

A.   Discriminating on the basis of familial status;

B.   Making or causing to be made any statement with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status;

C.   Harassing and intimidating children while they are in the common areas of the apartment complex, by, among other ways, glaring at them, telling them that they have to go inside, and asking young children questions about their families and why are they outside;

D.   Threatening to call the police on tenants if their babies cry at the property and encouraging tenants and onsite management to call the police on tenants whose babies cried at the property;

E.   Forbidding children from playing and having toys at the complex.

14.   Defendants have created a hostile living environment for families with children at the Casa Buena Casa Lynnda Apartments.  Defendant Li Ritchie has constantly harassed children, including Plaintiffs' children, for simply being outside. She has photographed tenants' children to intimidate them.  Ms. Ritchie, furthermore, has told some of the tenants with children that they have too many children.  Ms. Ritchie's husband also has hushed children he has seen outside.  What is more, Defendants have evicted families with children simply because they have children under the age of 18.  Defendants have intimated other families with children who spoke with a private investigator who was hired to survey tenants about their experiences at the complex.

15.    Shortly after Defendant MSL Capital, LLC, acquired Casa Buena Casa Lynnda, Plaintiff Catherine Michelle Perez, who had two children, called Ms. Ritchie to ask about what seemed to be preferential assignment of parking spaces to new tenants. Within a week's time, Ms. Ritchie served a 60-Day Notice of Termination of Tenancy on Ms. Perez.  When Ms. Ritchie served the document on Ms. Perez, she pretended like she was not the manager of the property and said, "The manager wanted me to give you this."  She then claimed that it was the owner's decision to serve the eviction notice, not hers.  At the time that Ms. Ritchie served the notice on Ms. Perez, there had been no complaints made against them previously.  Due to receipt of the notice, the Perez family was forced to move in a hurry and ended up having to move into a relative's home.  On information and belief, Plaintiffs allege that the 60-Day Notice of Termination of Tenancy was served on Ms. Perez because of her familial status and/or in retaliation for calling to Defendant's attention the preferential treatment of other tenants.

16.    In or around October 2016, Defendant Li Ritchie watched as one family's children carved pumpkins in the common areas with their father for Halloween.  Their father had placed paper on the ground to catch anything that fell from the pumpkins as they were carving them.  Right after the pumpkins were lit, Ms. Ritchie walked over to the family and told them that they could never have decorations outside again.

17.    In or around October 2016, Plaintiff Renee Sandoval was also told by Ms. Ritchie that she could not have any Halloween decorations after Ms. Sandoval already had purchased Halloween decorations.

18.    In or around October 2015, Plaintiffs William Roman and Desiree Acosta entered into a lease with Defendant MSL's predecessor in interest, Casa Buena Casa Lynkda Apartments, LLC, for an apartment at 24271 Webster Avenue, Apartment #13,

Moreno Valley, California, California (the "Romans' Apartment").  Subsequent to Defendant MSL's acquisition of the Subject Property, Plaintiffs were provided with a copy of the governing rules and regulations (hereinafter, the "Tenant Rules and Regulations") of the Subject Property.  The Tenant Rules and Regulations remained in effect the entire time that Plaintiffs William Roman and Desiree Acosta and their minor children resided at the Subject Property.

19.    The Tenant Rules and Regulations contained, among other things, the following rule: "Supervision: All children under age 14 must be supervised by adults 18 years or older while on the premises.  Residents who fail to supervise their children are subject to eviction.  Premises include, but are not limited to common areas, grounds, etc."  Despite its own rule, Defendants also have forbidden children from playing in the common areas even when they have direct adult supervision.

20.    On and around October 12, 2016, Defendant Li Ritchie was outside with Plaintiff Renee Sandoval, who was then the onsite manager of the Subject Property.  At that time, Ms. Ritchie saw Plaintiff Desiree Acosta outside with her children, and Ms. Ritchie stated to Ms. Sandoval, "Oh, my God, are all those her children?  Is she married?"  Ms. Ritchie then stated, "She has too many kids.  She can't live here.  I want to evict her."  Ms. Sandoval told her that that was illegal.  Ms. Ritchie responded, "No, we have a family lawyer that will take care of it.  It is not a problem."

21.    During the entire time that Defendant Li Ritchie served as the manager, she enforced a rule that children had to be supervised by an adult at all times when outside.  Plaintiffs' children were subjected to this rule.  To wit, Plaintiff A.G. was told by Ms. Ritchie, "You need to have your mom outside to play."  Plaintiff A.G. responded, "There she is, right there."  Plaintiff Renee Sandoval already was

supervising her daughter.  "Oh," said Ms. Ritchie, "that's your mom?"

22.    Plaintiff A.G. grew to be afraid of Defendant Li Ritchie so that whenever she saw her at the property she would run inside and tell her mother that Ms. Ritchie was present.  Regardless of what her mother told her, Plaintiff A.G. refused to go back outside to play until Ms. Ritchie was gone.  Other tenants' children likewise fear Ms. Ritchie because of her treatment of them.

23.    In or around October 2016, Ms. Ritchie stated to Plaintiff Renee Sandoval, "If we hear anyone's child crying, then you need to call the cops."

24.    On or about October 23, 2016, Plaintiffs William Roman and Desiree Acosta executed a new Lease Agreement with Defendant MSL Capital, LLC, for their apartment located at 24271 Webster Ave., Apt. #13, Moreno Valley, California.  In conjunction with their signing of the new lease, Defendants provided Plaintiffs William Roman and Desiree Acosta with new Tenant Rules and Regulations.  The new Tenant Rules and Regulations contained, among other things, the following rule:"Supervision: All children under age 14 must be supervised by an adults [*sic*] 18 years or older while on the premises.  Residents who fail to supervise their children are subject to eviction. Premises include, but are not limited to common areas, grounds, etc."

25.    On or about October 24, 2016, Defendants asked Plaintiffs Renee Sandoval and Diego Sandoval to sign a Lease Agreement.  As soon as the Sandovals executed the Lease Agreement and handed it to Ms. Ritchie, Ms. Ritchie immediately served a 60-Day Notice of Termination of Tenancy upon the Sandovals.

26.     On or about December 31, 2016, Plaintiffs Renee Sandoval and Diego Sandoval, and their daughter moved out of the complex.

27.     On or about January 18, 2017, Ms. Ritchie saw Plaintiffs William Roman and some of his children outside playing.  Ms. Ritchie then threatened Mr. Roman and Ms. Acosta that they had to take their children inside because they were too loud, and if they did not, then they would be evicted.  The children, however, were not being loud.

28.     On or about January 20, 2017, Defendants served a 60 Day Notice to Terminate Tenancy upon Plaintiffs William Roman and Desiree Acosta.

29.     On or about March 20, 2017, Plaintiffs William Roman and Desiree Acosta, and their children moved out of the complex.  Since the Roman family had nowhere to go, they were forced to move in with Ms. Acosta's mother.  This arrangement has caused stress on the family and feelings of depression, irritability, discouragement, and nervousness.

## V.
## INJURIES

30.     By reason of Defendants' unlawful acts and practices, Plaintiffs have suffered emotional distress, including humiliation, mental anguish, and attendant bodily injury, including headaches, appetite loss, sleep problems, and otherwise sustained injury.  In addition, Plaintiffs have suffered invasion of their private rights of occupation and constructive wrongful eviction as a result of Defendants' actions, thus depriving them of the full use and enjoyment of their tenancy.  Accordingly, Plaintiffs are entitled to compensatory damages.

31.    In doing the acts of which Plaintiffs complain, Defendants and their agents acted with oppression, fraud, and malice, and with wanton and conscious or reckless disregard of the federally protected rights of Plaintiffs.  Accordingly, Plaintiffs are entitled to punitive damages.

## VI.

## FIRST CLAIM

## (Fair Housing Act)

32.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

33.    Defendants injured plaintiffs by committing discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. §3601 *et seq.*

## SECOND CLAIM

## (California Fair Employment and Housing Act)

34.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

35.    Defendants injured plaintiffs by committing discriminatory housing practices in violation of the California Fair Employment and Housing Act, California Government Code §§12927 and 12955 *et seq.*

* * *

* * *

-10-

**THIRD CLAIM**

**(California Unruh Civil Rights Act)**

36.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

37.    Defendants injured Plaintiffs in violation of the Unruh Civil Rights Act, California Civil Code §51 *et seq.* by discriminating against plaintiffs in the operation of the Casa Buena Casa Lynnda Apartments, a business establishment, because of familial status.

38.    Pursuant to the Unruh Civil Rights Act, Plaintiffs are entitled to statutory damages, among other remedies, of up to three times their actual damages as determined by the trier of fact, but no less than $4,000.00 for each violation by defendants.

**FOURTH CLAIM**

**(Unfair Business Practices)**

39.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

40.    In acting as herein alleged, Defendants have engaged in a pattern or practice of unlawful discrimination in the operation of the Casa Buena Casa Lynnda Apartments, a business establishment, and therefore have engaged in acts of unfair competition as the same is defined in California Business & Professions Code §17204.

# FIFTH CLAIM

## (Negligence)

41.     Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

42.     Defendants owed plaintiffs a duty to operate the Casa Buena Casa Lynnda Apartments in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline its employees and itself to fulfill that duty.  Defendants violated their duties by discriminating against persons with children.  Defendants' violation of their duties was the result of negligence, including, but not limited to:

A.     Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal fair housing rights laws;

B.     Defendants' negligent failure to train its employees and itself regarding the requirements of state and federal fair housing rights laws;

C.     Defendants' negligent failure to supervise its employees regarding compliance with the requirements of state and federal fair housing rights laws; and

D.     Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing rights laws.

43.     As a legal result of Defendants' negligent conduct, Plaintiffs have suffered bodily and personal injury.

# VII.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs William Roman, Desiree Acosta, D.R., N.R., J.R., A.R., J.R., Diego Sandoval, Renee Sandoval, A.G., Catherine Michelle Perez, I.A., and S.A. pray for entry of judgment against Defendants that:

1.      Awards compensatory and punitive damages according to proof;

2.      Declares that Defendants have violated the provisions of the applicable federal and state fair housing laws;

3.      Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring Defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of familial status;

4.      Awards up to three times the amount of actual damages for each individual Plaintiff against each Defendant pursuant to the Unruh Civil Rights Act, but no less than $4,000.00 for each violation by each Defendant;

5.      Awards pre-judgment interest and post-judgment interest as provided for by law;

6.      Awards costs of suit herein incurred, including reasonable attorneys' fees; and

7.      Awards all such other and further relief as the court may deem proper.

Dated: October 7, 2017                         LAW OFFICES OF
                                               STUART E. FAGAN


                                               By: /s/ Stuart E. Fagan
                                                   Stuart E. Fagan
                                               Attorneys for Plaintiffs


## VIII.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury.


Dated: October 7, 2017                         LAW OFFICES OF
                                               STUART E. FAGAN


                                               By: /s/ Stuart E. Fagan
                                                   Stuart E. Fagan
                                               Attorneys for Plaintiffs