**LAW OFFICES OF STUART E. FAGAN**
STUART E. FAGAN, Cal. State Bar No. 152732
P.O. Box 365
Wheaton, Illinois 60187
Telephone: (858) 220-9601
Email: fairhousinglawyer@sbcglobal.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| WILLIAM ROMAN; DESIREE ACOSTA; and D.R., N.R., J.R., A.R., and J.R., minors, by and through their general guardian, DESIREE ACOSTA; DIEGO SANDOVAL; RENEE SANDOVAL; A.G., a minor, by and through her general guardian, RENEE SANDOVAL; CATHERINE MICHELLE PEREZ; I.A. and S.A., minors, by and through their general guardian, CATHERINE MICHELLE PEREZ, <br><br> Plaintiffs, <br><br> v. <br><br> MSL CAPITAL, LLC, doing business as CASA BUENA CASA LYNNDA, and LI RITCHEY, <br><br> Defendants. | No. 5:17-CV-02066-JGB-SP <br><br> PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF THE ISSUES <br><br> Judge: Jesus G. Bernal <br> Date: November 5, 2018 <br> Time: 9 a.m. <br> Dept.: 1 <br><br> Discovery Cut-Off: November 5, 2018 <br> Pre-Trial Conf.: March 4, 2019 <br> Trial: March 19, 2019 |

Pursuant to Local Rule 56-1, and the Court's Standing Order, Plaintiffs respectfully submit the following Statement of Undisputed Facts in support of Plaintiffs' Motion for Summary Judgment, or, in the Alternative, for Summary Adjudication of the Issues.

**PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS**

After consideration of the papers in support of and in opposition to plaintiffs' motion for summary judgment, or in the alternative summary adjudication of issues, and the oral argument of counsel, the Court determines that the following facts have been established as undisputed facts:

| **Undisputed Facts** |||
|---|---|---|
| Pls.' SUF No. | Fact | Supporting Evidence |
| 1. | Defendant MSL Capital, LLC ("Defendant MSL"), is the owner and operator of the Casa Buena Casa Lynnda Apartments. | Defendants' Answer to Complaint at ¶8. |
| 2. | On or about October 5, 2016, Defendant MSL acquired ownership of the Casa Buena Casa Lynnda Apartments. | SJ Exh. No.1 (10-5-2016 Grant Deed to 24271 and 24356 Webster Ave., Moreno Valley, California, Doc #2016-0447503). |
| 3. | Plaintiff Rene Sandoval moved into the complex in 2000 when she was just 16 years old. | Declaration of Rene Sandoval ¶2 (hereinafter, "Sandoval Decl."). |

| | **Undisputed Facts** | |
|---|---|---|
| 4. | Plaintiff Rene Sandoval gave birth to her daughter, A.G., in 2006. | Sandoval Decl. ¶3. |
| 5. | A.G. resided with Rene Sandoval throughout the remainder of Ms. Sandoval's tenancy at Casa Buena Casa Lynnda. | Sandoval Decl. ¶3. |
| 6. | In March 2012, Plaintiff Catherine Michelle Perez moved into the apartment complex. | Declaration of Catherine Michelle Perez ¶2 (hereinafter, "Perez Decl."). |
| 7. | Plaintiff Catherine Michelle Perez's two children were born in 2013 and 2014. | Perez Decl. ¶3. |
| 8. | Both of Ms. Perez's children lived with her at the Casa Buena Casa Lynnda Apartments. | Perez Decl. ¶3. |
| 9. | In November 2012, Plaintiffs William Roman and Desiree Acosta moved into the apartment complex. | Declaration of William Roman ¶2 (hereinafter, "Roman Decl."). |
| 10. | Plaintiffs William Roman and Desiree Acosta's three children, D.R., N.R., and J.R., moved into the apartment with them in November 2012. | Roman Decl. ¶2. |
| 11. | Defendant MSL Capital, LLC, is a single-asset entity. | Deposition of Li Ritchey at Ritchey page 154, lines 8-17 (hereinafter deposition transcripts shall be cited thus, "Ritchey 154:8-17"). |

| **Undisputed Facts** | | |
|---|---|---|
| 12. | Defendant MSL Capital, LLC, owns Casa Buena Casa Lynnda Apartments. | Ritchey 154:8-17. |
| 13. | MSL Capital, LLC, has no employees. | Ritchey 155:18-156:3. |
| 14. | Defendant Li Ritchey manages the LLC. | Ritchey 156:17-20. |
| 15. | Defendant Li Ritchey was the property manager of the Casa Buena Casa Lyndda Apartments from October 13, 2016, through January 3, 2018. | Defendants' Answer to Complaint at ¶10. |
| 16. | On or about October 13, 2016, Defendant Li Ritchey notified the tenants that Defendants had become the new property manager of the complex. | SJ Exhibit No. 2; Ritchey 182:20-183:6. |
| 17. | On October 24, 2016, Defendants terminated Plaintiff Renee Sandoval's employment as the onsite manager. | SJ Exhibit No. 4; Sandoval Decl. ¶11. |
| 18. | On October 24, 2016, Defendant Li Ritchey posted a written notice on all the tenants' doors informing them that she alone was "the only person authorized to manage the properties at Casa Buena and Casa Lynnda." | Ritchey 189:16-190:12; SJ Exhibit No. 2. |
| 19. | Li Ritchey has used the name "Lillian Richey." | Ritchey 12:13-18. |
| 20. | After MSL Capital, LLC, acquired the Casa Buena Casa Lynnda Apartments, all of the tenants were required to sign a new lease. | Sandoval Decl. ¶4. |
| 21. | The new leases contained the Tenant Rules and Regulations. | SJ Exhibit Nos. 3, 6, and 8. |

| **Undisputed Facts** | | |
|---|---|---|
| 22. | The Tenant Rules and Regulations contained, among other things, the following rule: **"Supervision: All children under age 14 must be supervised by adults 18 years or older while on the premises. Residents who fail to supervise their children are subject to eviction. Premises include, but are not limited to common areas, grounds, etc."** | <u>SJ Exhibit Nos. 3, 6, and 8.</u> |
| 23. | Renee Sandoval, is the former onsite manager of the complex. | Sandoval Decl. ¶5. |
| 24. | Renee Sandoval had extensive dealings with Ms. Ritchey during the ownership transition period. | Sandoval Decl. ¶5. |
| 25. | In or around October 2016, Ms. Ritchey was having a conversation with Renee Sandoval. | Sandoval Decl. ¶6. |
| 26. | During the conversation, Ms. Ritchey saw Plaintiff Desiree Acosta walking to her car with her five children. | Sandoval Decl. ¶6. |
| 27. | "Oh, my God, are all those her children? Is she married?" Ms. Ritchey asked Ms. Sandoval. | Sandoval Decl. ¶6. |
| 28. | Thereafter Ms. Ritchey stated, "She has too many kids. She can't live here. I want to evict her." | Sandoval Decl. ¶6. |

| | **Undisputed Facts** | |
|---|---|---|
| 29. | Ms. Sandoval told her that that was illegal to evict a tenant because of how many children she had. | Sandoval Decl. ¶6. |
| 30. | Ms. Ritchey responded, "No, we have a family lawyer that will take care of it. It is not a problem." | Sandoval Decl. ¶6. |
| 31. | Casa Buena Casa Lynnda was the first apartment complex that Ms. Ritchey had ever managed. | Ritchey 136:17-20. |
| 32. | Ms. Ritchey authored the lease for the Casa Buena Casa Lynnda Apartments. | Ritchey 137:11-21. |
| 33. | Ms. Ritchey included a provision in the lease that precluded children from playing outside unsupervised. | Ritchey 137:11-21; SJ Exhibit Nos. 3, 6, and 8. |
| 34. | The rule Ms. Ritchey issued stated: "Supervision: All children under age 14 must be supervised by adults 18 years or older while on the premises. Residents who fail to supervise their children are subject to eviction. Premises include, but are not limited to common areas, grounds, etc." | Ritchey 137:11-21; SJ Exhibit Nos. 3, 6, and 8. |
| 35. | In or around October 2016, Ms. Ritchey told Ms. Sandoval's then nine-year-old daughter, A.G., whom she found playing in the common areas, "You need to have your mom outside to play." | Sandoval ¶7. |
| 36. | "There she is, right there," replied A.G. | Sandoval ¶7. |

-5-

| **Undisputed Facts** | | |
|---|---|---|
| 37. | Ms. Ritchey turned around and saw Ms. Sandoval standing there keeping a watch on her daughter. | Sandoval ¶7. |
| 38. | "Oh," said Ms. Ritchey, "that's your mom?" | Sandoval ¶7. |
| 39. | After several encounters with Ms. Ritchey, A.G. grew so petrified of Ms. Ritchey that she no longer desired to go outside to play whenever Ms. Ritchey was around. | Sandoval ¶7. |
| 40. | On or about January 18, 2017, William Roman was supervising his children while they were playing in the common areas of the apartment complex. | Roman ¶5. |
| 41. | Ms. Ritchey saw Mr. Roman's children playing and told them to be quiet or go inside. | Roman ¶5. |
| 42. | Ms. Ritchey then told Mr. Roman that his children were not allowed to play outside and if he wanted his children to play outside, then he needed to take them to the park, and if he didn't, then his family would be evicted. | Roman ¶5. |
| 43. | Mr. Roman objected to Ms. Ritchey's statement. | Roman ¶5. |
| 44. | Two days later, on or about January 20, 2018, Ms. Ritchey served Mr. Roman's family a 60-Day Notice to Terminate Tenancy. | Roman ¶5; SJ Exhibit No. 9. |

| **Undisputed Facts** | | |
|---|---|---|
| 45. | Ms. Ritchey was a CPA for 18 years. | Ritchey 55:25-56:3. |
| 46. | Ms. Ritchey has served as the controller for a few businesses. | Ritchey 63:18-25; 64:18-65:9. |
| 47. | Ms. Ritchey purportedly serves 60-Day Notices to Terminate Tenancies for one reason alone: "economic reasons." | Ritchey 6:19-9:2; 9:13-10:16; 88:14-89:8. |
| 48. | Ms. Ritchey served the 60-Day Notice to Terminate Tenancy on Catherine Michelle Perez. | Ritchey 7:16-8:13. |
| 49. | Ms. Ritchey served the 60-Day Notice to Terminate Tenancy on Catherine Michelle Perez because it was the most profitable thing she could do. | Ritchey 7:16-8:13. |
| 50. | Ms. Ritchey served the 60-Day Notice to Terminate Tenancy on William Roman and Desiree Acosta. | Ritchey 22:17-23:10. |
| 51. | Ms. Ritchey served the 60-Day Notice to Terminate Tenancy on William Roman and Desiree Acosta because it was the most profitable thing she could do. | Ritchey 22:17-23:10. |
| 52. | Ms. Ritchey claims that Plaintiff Renee Sandoval asked to have her 60-Day Notice to Terminate her tenancy served on her during the holidays. | Ritchey 12:20-13:11. |

| | **Undisputed Facts** | |
|---|---|---|
| 53. | Only families with children have been forced out by Defendants for other than non-payment of rent. | Defendant MSL Capital's Response to Plaintiffs' Interrogatory No. 6, lodged herewith. |
| 54. | After forcing out all three families (and their young children), Ms. Ritchey raised the rents on the apartments. | Ritchey 7:16-8:13; 22:17-23:10. |
| 55. | Ms. Ritchey did not offer the apartments to the Plaintiffs at the higher rent. | Ritchey 9:6-12; 22:25-23:4. |
| 56. | After Mr. Roman and Ms. Acosta sent a letter to Ms. Ritchey regarding her illegal activity, Ms. Ritchey changed a rule, but refused to retract the eviction notice. | SJ Exhibit No. 10; Ritchey 211:20-25; 220:7-221:10. |
| 57. | Ms. Ritchey served the 60-Day Notice to Terminate the tenancy of Diego Sandoval and Renee Sandoval *immediately* after she had had Ms. Sandoval complete the new Lease Agreement. | Sandoval ¶11; SJ Exhibit No. 7. |
| 58. | Earlier in the day on October 24, 2016, Ms. Ritchey had informed Ms. Sandoval that her services as the onsite manager would no longer be needed. | Sandoval ¶12; Ritchey 187:7-16. |
| 59. | On or about October 20, 2016, Ms. Ritchey told Ms. Sandoval that she was to call the police on any tenant whose baby was crying at the apartment complex. | Sandoval ¶8. |

| **Undisputed Facts** | | |
|---|---|---|
| 60. | On October 24, 2016, Ms. Ritchey served a notice on all the tenants that informed them, among other things, that bicycles could not be stored in front of their apartments. | SJ Exhibit No. 11. |
| 61. | Ms. Ritchey did not post a Fair Housing poster at the complex. | Ritchey 15:4-16. |
| 62. | Defendants have posted a banner on the front of the complex that advertises it as a "quiet" complex. | Sandoval ¶13. |

Dated: October 2, 2018

LAW OFFICES OF
STUART E. FAGAN

By: /s/ Stuart E. Fagan
    Stuart E. Fagan
    Attorneys for Plaintiffs