UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-2066 JGB (SPx) | Date | March 29, 2019 |
| Title | *William Roman et al. v. MSL Capital, LLC et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Plaintiffs' motion in limine to exclude evidence of the smell of marijuana (Dkt. No. 63); (2) DENYING Plaintiffs' motion in limine to exclude Defendants' history of renting to families with children (Dkt. No. 63); (3) GRANTING Plaintiffs' motion in limine to exclude evidence and argument that a landlord is not required to list the reason for termination of tenancy (Dkt. No. 63); (4) GRANTING Plaintiffs' motion in limine to exclude evidence of eviction of a person named William Roman (Dkt. No. 63); (5) GRANTING Plaintiffs' motion in limine to exclude expert testimony of Robert Kehiayan (Dkt. No. 64); (6) GRANTING Defendants' motion in limine to exclude  argument based on "golden rule prohibition" and "reptile theory" (Dkt. No. 65); (7) GRANTING Defendants' motion in limine to exclude evidence of liability insurance (Dkt. No. 66); (8) DENYING Defendants' motion in limine to exclude non-expert witnesses testimony regarding Plaintiffs' emotional distress (Dkt. No. 67); (9) GRANTING IN PART and RESERVING RULING IN PART on Defendants' motion in limine to preclude all evidence not disclosed during discovery and the testimony witnesses who did not appear at depositions (Dkt. No. 68); and (10) GRANTING IN PART and DENYING IN PART Defendants' motion in limine to preclude all evidence relating to Li Ritchey's management of Case Buena/Casa Lynnda outside of claims alleged in the complaint. (Dkt. No. 69).

Before the Court are five motions in limine filed by Plaintiffs Willian Roman; Desiree Acosta; D.R., N.R., J.R., A.R., and J.R., minors by and through their general guardian Desiree

Acosta; Diego Sandoval; Renee Sandoval; A.G., a minor by and through her general guardian Renee Sandoval; Catherine Michelle Perez; and I.A. and S.A., minors, by and through their general guardian, Catherine Michelle Perez. (Dkt. Nos. 63-64.) Also before the Court are five motions in limine filed by Defendants Li Ritchey and MSL Capital, LLC dba Casa Buena Casa Lynnda. (Dkt. Nos. 65-69.) The Court's rulings on these motions are discussed below.

## I.   BACKGROUND

On October 7, 2017, Plaintiffs filed a complaint against defendants MSL Capital, LLC and Li Ritchey. ("Complaint," Dkt. No. 1.) The Complaint alleges five causes of action: (1) discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. § 3601, et seq.; (2) discriminatory housing practices under FEHA, California Government Code §§ 12927 and 12955, et seq.; (3) discrimination on the basis of familial status in violation of the California Unruh Civil Rights Act; (4) unfair business practices under the California Business & Professions Code § 17204; and (5) negligence.

On November 5, 2018, the Court GRANTED Plaintiffs' motion for summary judgment as to the following claims: (1) that the Adult Supervision Rule violated 42 U.S.C. §§ 3604(b) and (c); (2) that the Adult Supervision Rule violated the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12955(a) and (c); and (3) that Defendants' failure to display a fair housing poster at the Casa Buena and Casa Lynnda apartment buildings violated 24 C.F.R. §§ 110.10(a) and 110.30. (Dkt. No. 57.) The Court DENIED Plaintiffs' motion as to all other claims. (Id.)

On February 4, 2019, Plaintiffs filed five motions in limine respectively seeking to: (1) exclude evidence that an unidentified person complained of the smell of marijuana coming from Plaintiffs William Roman and Desiree Acosta's apartment ("Pl. MIL," Dkt. No. 63 at 1); (2) exclude Defendants' history of renting to families with children before and after Plaintiffs moved from the subject properties (Id.); (3) exclude evidence and argument that a landlord is not required to list the reason for service of a notice of termination of tenancy (Id.); (4) exclude evidence of eviction of a person named William Roman (Id.); and (5) exclude expert testimony of Robert Kehiayan (Dkt. No 64.) Defendants also filed five motions in limine on February 4, 2019 seeking to: (1) exclude Plaintiffs' counsel from making any "reasonable person" arguments designed to circumvent what they describe as the "golden rule prohibition" and the "reptile theory" (Dkt. No. 65); (2) exclude evidence of Defendants' liability insurance or the policy limits for their liability insurance (Dkt. No. 66); (3) exclude Plaintiffs' Counsel from using any non-expert witnesses to testify regarding Plaintiffs' emotional distress (Dkt. No. 67); (4) preclude all requested evidence not disclosed during discovery and witnesses who did not appear at depositions (Dkt. No. 68); and (5) preclude all evidence relating to Li Ritchey's management of Case Buena/Casa Lynnda outside of claims alleged in the complaint (Dkt. No 69).

## II. LEGAL STANDARD

Motions in limine are a well-recognized judicial practice based in "the court's inherent power to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984). Regardless of its initial decision on a motion in limine, a court may revisit the issue at trial. See Fed. R. Evid. 103, advisory committee's note to 2000 Amendment ("Even where the court's ruling is definitive, nothing in the amendment prohibits the court from revisiting its decision when the evidence is to be offered."); Luce, 469 U.S. at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). "[A] ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." United States v. Bensimon, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing Luce, 469 U.S. at 41–42).

## III. DISCUSSION

### A. Plaintiffs' Motions in Limine

#### 1. Plaintiffs' Motion in Limine No. 1

Plaintiffs move to exclude evidence that an unidentified person complained of the smell of marijuana coming from Plaintiffs William Roman and Desiree Acosta's apartment. Plaintiffs argue such evidence is irrelevant, unfairly prejudicial, likely to confuse and mislead the jury, and constitutes impermissible hearsay. (Pl. MIL at 1-2.) (Id.) Defendants argue this evidence is relevant because it shows Roman and Acosta violated the terms of their lease. (Def. Opp. at 3.) They also claim this evidence is either admissible hearsay, since it constituted a present sense impression, or is not hearsay, as it would be admitted to show the effect it had on Ritchey, not for the truth of the matter asserted. (Def. Opp. at 3.)

The Court finds that the prejudicial effect of evidence of a neighbor's statements regarding the smell of marijuana likely outweighs its probative value. Whether Ritchey acted on knowledge that Roman and Acosta were in violation of their lease when serving them a 60-day notice could be relevant to this action. However, the probative value of this piece of evidence is tenuous given the uncertainty regarding how close in time this incident was to the termination of the lease, the anonymous source of the evidence, and a lack of clarity of whether the smell actually came from someone smoking marijuana in Roman and Acosta's apartment or smoking at all. Further, a statement regarding the smell of marijuana is prejudicial because a jury may weigh it negatively against Roman and Acosta's character, which may have an effect on how they view Roman and Acosta's claims.

Regardless of the probative value of this evidence, the Court finds it to be inadmissible hearsay under Fed. R. Evid. 802. While Defendants contend the statements are offered to show the effect they had on Ritchey, it appears that they are primarily being submitted for the purpose of demonstrating the truth of the matter asserted: here, the fact that Ritchey had lawful reason to serve Roman and Acosta with a 60-day notice. (Def. Opp. at 3.) Whether or not Ritchey had

such a reason is a critical issue in this case. Thus, the Court finds that statements regarding the smell of marijuana are hearsay.

Defendants also argue these statements should be admissible under the present sense impression exception. Fed. R. Evid. 803(1). The Court finds the statements do not fall under this exception. Rule 803(1) provides an exception to the hearsay rule where a statement is made "describing or explaining an event or condition" is "made while or immediately after the declarant perceived it." However, Defendants present nothing to support their suggestion that the unidentified neighbor called to complain at the same time that they smelled smoke. Thus, the statements do not fall under this hearsay exception. For these reasons, Plaintiffs' motion is GRANTED.

### 2. Plaintiffs' Motion in Limine No. 2

Plaintiffs move to exclude evidence showing that Defendants rented to families before and after Plaintiffs moved from the subject properties. (Pl. MIL at 2.) Plaintiffs argue such evidence will confuse and mislead the jury and should be excluded under Fed. R. Evid. 403 because the jury may think that discriminating against some but not all of a protected group is lawful. (Id. at 3.) Defendants argue their history of renting to families is both relevant and highly probative as to the allegations Defendants have engaged in a pattern and practice of discrimination. (Def. Opp. at 5.) Defendants further contend this information is relevant to the factual finding and damages calculation of the Unruh claim. (Id.)

The Court agrees with Defendants that evidence of having rented to families with children is probative of the question of the existence of a pattern and practice of discriminatory business practices. Thus the evidence should be admitted. Rule 403 requires exclusion of evidence where the probative nature of a claim is outweighed by the possibility of confusing the issues or misleading the jury. In this case, Defendants must rebut Plaintiffs' claim regarding an alleged pattern and practice of discriminatory activity, and, in doing so, will need to rely on their history of rentals. While such evidence is not relevant to Plaintiffs' Unruh claim, which does not require a showing of a pattern or practice of discriminatory actions, any confusion as to this question may be corrected through jury instructions. The Court DENIES this motion.

### 3. Plaintiffs' Motion in Limine No. 3

Plaintiffs move to exclude, under Fed. R. Evid. 403, evidence and argument that a landlord is not required to list the reason for service of a notice of termination of tenancy. (Pl. MIL at 3.) Plaintiffs argue that this is likely to confuse the issues and mislead the jury into believing that a landlord can terminate a lease for any reason, including reasons prohibited by statute. In their response, Defendants argue that evidence of the law governing the termination of leases is necessary to explain the distinction between a termination of a lease and an eviction, and that the failure to explain this distinction would be unduly prejudicial. (Def. Opp. at 6.) It is the role of the Court, not expert witnesses, to instruct the jury on the law governing this case. As such, the Court will not permit either party to elicit witness testimony as to the legal duties of

landlords or tenants. Accordingly the Court GRANTS Plaintiff's Motion insofar as it applies to the introduction of evidence on this point. The scope of the argument on this point which counsel will be permitted to present to the jury will be addressed separately after the resolution of the parties' proposed jury instructions.

### 4. Plaintiffs' Motion in Limine No. 4

Plaintiffs move to exclude evidence that a person by the name of William Roman had an eviction proceeding filed against him four months after Plaintiff William Roman moved away from Casa Buena/Casa Lynnda. (Pl. MIL at 4.) They argue the individual in this report is not the Plaintiff William Roman, and therefore this evidence would confuse the jury. Defendants do not oppose this motion. This motion is therefore GRANTED.

### 5. Plaintiffs' Motion in Limine No. 5

Plaintiffs move to exclude testimony of expert opinion testimony of Robert Kehiayan, arguing (1) that an expert is not necessary to testify to the conclusions reached by Kehiayan and (2) that Kehiyan is not qualified to testify as an expert in a housing discrimination case. ("Expert Memo," Dkt. No. 64-1.)

Rule 702 of the Federal Rules of Evidence permits a court to admit expert testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The proponent of expert testimony has the burden of demonstrating its admissibility. Lust v. Merrell Dow Pharms., Inc., 89 F.3d 594, 598 (9th Cir. 1996).

In Daubert v. Merrell Dow Pharmaceutical, Inc., 509 U.S. 579, 589 (1993), the Supreme Court held that Rule 702 requires the district court to act as a gatekeeper to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." This "basic gatekeeping obligation" was later extended to all expert testimony. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999). The Supreme Court has provided a non-exclusive list of factors that courts may consider when determining the reliability of expert testimony, which includes: "(1) whether a theory or technique can be tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential error rate of the theory or technique; and (4) whether the theory or technique enjoys general acceptance within the relevant scientific community." Messick v. Novartis Pharm. Corp., 747 F.3d 1193, 1197 (9th Cir. 2014) (quoting Daubert, 509 U.S. at 592-594). Because this list of factors was meant to be helpful, not definitive, the trial court has discretion to decide how to test and expert's reliability based on the "particular circumstances of the particular case." Primiano v. Cook, 598 F.3d 558, 564 (9th Cir. 2010) (internal quotation marks omitted).

Defendants seek to introduce Kehiayan's testimony regarding the standard of care in the property management industry relating to federal housing discrimination laws. ("Kehiayan Report," Dkt. No. 64-3 at 4.) They argue that the analysis involved in distinguishing an eviction from a termination is technical and requires specialized knowledge. ("Expert Opp.," Dkt. No. 71 at 4.) They further contend Kehiayan is qualified as an expert because of specialized knowledge he has acquired in roles such as educator, business owner, property owner, and Homeowners Association manager over the past three decades. (Id.)

Kehiayan's experience suggests he has specialized knowledge of property management, and the duties relating to property management. Kehiayan has worked as a property manager since 1997, a practice which necessarily involves federal, state, and local laws and regulations. (Id. at 5.) The record also shows Kehiayan's experience as manager of homeowner associations, experience teaching at colleges and universities, and involvement as a witness on both plaintiff and defendant sides in over seventeen cases in various courts. (Id. at 5-6.) The Court finds it reasonable to think this experience would help a trier of fact understand evidence regarding a property manager's practices as they related to terminating leases and enforcing hair housing laws.

Kehiayan's report offers his opinions based on what he represents as general standards in the property management industry. However, while his report offers analysis of how he believes Defendants managed the property, Kehiayan does not articulate a methodology beyond the production of this report. (Id.) For example, Kehiayan states that he believes Defendants took action because of a "quiet enjoyment" provision. However, he does not state steps he took to analyze the facts of this case, but instead simply states a conclusion. Without an articulation of such a methodology, his testimony amounts to an untethered and conclusory opinion. For this reason, the Court finds his testimony regarding whether a fair housing violation occurred should be excluded. Plaintiffs motion is therefore GRANTED.

## B. Defendants' Motions in Limine

### 1. Defendants' Motion in Limine No. 1

Defendants move to exclude Plaintiffs' counsel from making any "reasonable person" arguments designed to circumvent what they describe as the prohibition on "golden rule" arguments and the "reptile theory." ("Def. MIL 1," Dkt. No. 65 at 1.) Defendants argue that these arguments are improper because they ask the jury to depart from neutrality, are unduly prejudicial, and therefore must be excluded under Fed. R. of Evid. 403. (Id. at 3.) Plaintiffs argue Defendants' motion is overbroad, vague, and ambiguous because they fail to identify specific evidence they seek to exclude. (Pl. Opp. at 1.)

In Minato v. Scenic Airlines, Inc., the Ninth Circuit defined the "Golden Rule" argument as:

> essentially a suggestion to the jury by an attorney that the jurors should do unto others, normally the attorney's client, as they would have others do unto them. The typical situation in which such an argument has been employed is the personal injury case in which the plaintiff's counsel suggests to the jurors that they grant the plaintiff the same amount of damages they would want or expect if they were in the plaintiff's shoes.

908 F. 2d 977 at *5 (9th Cir. 1990). While Plaintiffs do not clearly define the "Reptile Theory" strategy, their motion suggests they are arguments are those which ask the jury to place themselves in the shoes of a "reasonable person." (Pl. Opp. at 1)

Given the probability that "golden rule" arguments with respect to damages would cause a jury to depart from impartiality, the Court finds that they are improper. Fed. R. Evid. 403 requires the Court to balance the probative value of a piece of evidence with its potential dangers, including unfair prejudice. Fed. R. Evid. 403. As the Ninth Circuit noted in Minato, courts have generally found arguments such as these improper, because "a jury which has put itself in the shoes of one of the parties is no longer an impartial jury." 908 F.2d 977 at *6; see also Sechrest v. Baker, 603 Fed. Appx. 548, 550 (9th Cir. 2015) (finding the prosecutor's comments during opening statement or closing argument, calling on the jurors to imagine the state of mind of murder victims, were improper). The Court therefore GRANTS Defendants' motion.

### 2. Defendants' Motion in Limine No. 2

Defendants move to exclude evidence of Defendants' liability insurance or the policy limits for their liability insurance on the grounds that such evidence is inadmissible as prejudicial. ("Def. MIL 2," Dkt. No 66 at 1.) Fed. R. Evid. 411 specifically states "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." The evidence Defendants seek to exclude falls squarely within the purview of Rule 411. Plaintiffs have not contested this motion. Thus, the Court GRANTS Defendants' motion.

### 3. Defendants' Motion in Limine No. 3

Defendants move to preclude Plaintiffs from calling non-expert witnesses to testify regarding medical conditions, symptoms, diagnoses, or treatments allegedly received or experienced by Plaintiffs. (Dkt. No. 67 at 1.) Defendants also seek an order excluding any evidence that Plaintiffs experienced emotional distress as a result of Plaintiffs' actions, arguing that emotional distress cannot be proven without the testimony of a medical expert. (Id.) While Plaintiffs do not dispute that lay witnesses are precluded from offering expert medical opinions, they argue that emotional distress and humiliation may be established by lay testimony. (Pl. Opp. at 3.)

Plaintiffs' friends and family testifying as lay-witnesses may not offer testimony that is reserved for experts. "[M]edical diagnoses are beyond the competence of lay witnesses to

make." Tobeler v. Colvin, 749 F.3d 830, 933 (9th Cir. 2014).  However, "friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987).  Such testimony is permissible if it is based on the witness's perception and can help to clarify the effects the alleged harm had on the plaintiff.  See Burke v. City of Santa Monica, 2011 WL 13213593, at *20 (C.D. Cal. Jan. 10, 2011) (finding that "any lay witness who is familiar with another person's general demeanor would be competent to testify regarding changes in that demeanor or commonly recognized signs sadness or agitation."); Jan. v. Dr Pepper Snapple Grp., Inc., 594 F. App'x 907, 910–11 (9th Cir. 2014) (finding that an expert witness is not required for the purposes of finding damages for emotional distress.)  Accordingly, Defendants' motion is DENIED.

### 4. Defendants' Motion in Limine No. 4

Defendants move to preclude the introduction at trial of any evidence not disclosed in discovery, including evidence not disclosed in response to timely-submitted supplemental discovery requests and the testimony of witnesses who did not appear at depositions despite beingly properly noticed.  (Dkt. No 68.)  Defendants claim that Plaintiffs Catherine Perez, I.A., S.A, William Roman, Desiree Acosta, D.R., N.R., J.R., A.R., J.R., Renee Sandoval, Diego Sandoval, and A.G., all failed to respond to timely-submitted supplemental interrogatories.  Defendants also claim that several other witnesses failed to appear for properly noticed depositions and therefore should be precluded from presenting testimony at trial, including: Alejandra Zamora, Jorge Arias, Jorge Arius, Linda Richards, Rosalie Venezuela, William Ronan, Sr., A.G.'s medical providers, David Zamora, Rebecca Zamora, Debra Harwick, Enid Bennett, Rebecca Zavala, and Laura Zuniga.  (Dkt. No 68 at 5-6.)[1]  Finally, Defendants argue that, because all Plaintiffs allege suffering from "attendant bodily injuries as a result of Defendants' conduct" but failed to provide any documentation or testimony supporting this, Plaintiffs should be precluded from introducing any evidence of such injuries not already identified through disclosures, written discovery, or evidence testified to at a deposition.  (Id. at 4.)

In opposition, Plaintiffs argue that their failure to respond to discovery requests were harmless.  (Pl. Opp. at 4.)  Largely conceding Defendants' arguments regarding witnesses who failed to appear at properly noticed depositions, Plaintiffs have represented that Plaintiff Alejandra Zamora is the only person whom they intend to call at trial who also failed to appear at her deposition.  They submit that Zamora was properly identified as a potential witness in their initial disclosures and discovery responses but was not properly served with a subpoena.  (Pl. Opp at 4.)

Federal Rule of Civil Procedure 37(c)(1) forbids the use at trial of any information required to be disclosed by Rule 26 that is not properly disclosed.  Here, all requests for

---

[1] Defendant claims Breanna Cordova appeared at the deposition, but did not know any of the Plaintiffs and was presumably the wrong Breanna Cordova.  (Id.)

supplemental discovery were timely served on Plaintiffs more than a month before the end of the discovery period on October 2, 2018. (Dkt. No 68-1, 68-2, 68-3.) Thus witnesses had adequate time to respond to the requests for supplemental information. Accordingly, any evidence included in these requests for supplemental discovery to which Plaintiffs failed to respond shall be excluded, including the subject of Defendants' supplemental interrogatories.

It also appears that Plaintiffs properly identified Zamora to Defendants as a potential witness in their initial disclosures. Fed. R. Civ. P. 37 (a party may move the court to exclude information or a witness from testifying at trial if a party failed to identify him or her). However, while Defendants have provided the Court with a copy of Zamora's subpoena, they have not shown that this subpoena was properly served on her. (Dkt. No. 68-4). Therefore, absent further evidence that Zamora was properly served with notice of her deposition and a subpoena, the Court will not preclude her from testifying at trial. Defendants' motion in limine is thus GRANTED IN PART, with the exception of Zamora, as to whom the Court RESERVES RULING.

**5. Defendants' Motion in Limine No. 5**

Defendants move to preclude all evidence relating to Li Ritchey's management of Casa Buena/Casa Lynnda outside of claims alleged in the complaint, including:

- Evidence of restrictive policy about Halloween decorations;
- Evidence that Li Ritchey knocked loudly on Renee Sandoval's door during the period of transition between property managers of Casa Buena/Casa Lynnda;
- Evidence of enforcement of rules not allowing tenants to store items, including toys, outside of apartment units;
- Evidence of termites; and
- Evidence of dead mice.

("Def. MIL 5," Dkt. No 69.) Defendants argue that such evidence lacks probative value, will distract the jury from Plaintiffs' discrimination claims, and is inadmissible character evidence under Fed. R. of Evid. 404. (Id. at 6.) Plaintiffs argue Defendants' motion is overbroad and designed to circumvent the Court's Civil Trial Scheduling Order, which prevents the filing of only five motions in limine. (Def. MIL 5 at 2.) Plaintiffs also argue that evidence of Ritchey's conduct as a property manager is relevant to whether Defendants created a hostile living environment. (Pl. Opp. at 2-3.)

The Court finds that evidence regarding prohibitions against decorations and items placed outside are admissible under Rule 404. Such evidence tends to support the claim that Defendants created a hostile living environment for families with children. However, the Court does not see the relevance of evidence of the presence of mice and termites or of a single incident in which Ritchey banged on Renee Sandoval's door to Plaintiffs' discrimination claims. This evidence also poses a risk of prejudice, as it tends to reflect poorly on Ritchey's general conduct as a property manager. Such conduct, however, is not at issue in this trial. Accordingly,

Defendants' motion is GRANTED IN PART as to evidence of the presence of mice and termites and as to the incident in which Ritchey banged on Sandoval's window. The motion is DENIED IN PART with respect to the policies about decorations and items left outside.

## IV.   CONCLUSION

For the reasons above, the Court:

- GRANTS Plaintiffs' motion in limine to exclude evidence that an unidentified person complained of the smell of marijuana coming from Plaintiffs William Roman and Desiree Acosta's apartment (Dkt. No. 63);
- DENIES Plaintiffs' motion in limine to exclude Defendants' history of renting to families with children before and after Plaintiffs moved from the subject properties (Dkt. No. 63);
- GRANTS Plaintiffs' motion in limine to exclude evidence and argument that a landlord is not required to list the reason for service of a notice of termination of tenancy (Dkt. No. 63);
- GRANTS Plaintiffs' motion in limine to exclude evidence of eviction of a person named William Roman (Dkt. No. 63);
- GRANTS Plaintiffs' motion in limine to exclude expert testimony of Robert Kehiayan (Dkt. No. 64);
- GRANTS Defendants' motion in limine to exclude Plaintiffs' counsel from making any "reasonable person" arguments designed to circumvent prohibitions on the use of "golden rule" and "reptile theory" arguments (Dkt. No. 65);
- GRANTS Defendants' motion in limine to exclude evidence of Defendants' liability insurance or the policy limits for their liability insurance (Dkt. No. 66);
- DENIES motion in limine to exclude Plaintiffs' Counsel from using any non-expert witnesses to testify regarding Plaintiffs' emotional distress (Dkt. No. 67);
- GRANTS IN PART and RESERVES RULING IN PART on Defendants' motion in limine to preclude all evidence not disclosed during discovery and the testimony witnesses who did not appear at properly noticed depositions (Dkt. No. 68); and
- GRANTS IN PART and DENIES IN PART motion in limine to preclude all evidence relating to Li Ritchey's management of Case Buena/Casa Lynnda outside of claims alleged in the complaint. (Dkt. No. 69).

**IT IS SO ORDERED.**